In re SAN JOAQUIN ESTATES, INC., Debtor(s).

GROUNDHOG, INC., Appellant(s),

v.

SAN JOAQUIN ESTATES, INC., George Itule, Trustee, Appellee(s).

CEMENT ASBESTOS SALES, Appellant,

v.

SAN JOAQUIN ESTATES, INC., George Itule, Trustee, Debtor(s).

Eugene DUSANKO, Appellant(s),

v.

SAN JOAQUIN ESTATES, INC., George Itule, Trustee, Appellee(s).

BAP No. AZ–86–1082–AsEMe.
Bankruptcy No. 83–00948–Tuc.
Adv. Nos. 84–0188, 84–0190 and 84–0191.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted June 20, 1986.

Decided Aug. 18, 1986.

Edwin M. Gaines, Jr., Chandlerk, Tullar, Udall & Redhair, Tucson, Ariz., for appellants.

William B. Blaser, Blaser, Kelly & Don, P.C., Tucson, Ariz., for appellees.

Before ASHLAND, ELLIOTT and MEYERS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Creditors Cement Asbestos Sales, Inc., Groundhog, Inc., and Eugene Dusanko appeal an order denying payment of pre-petition and post-petition interest in this Chapter 11 case. We reverse.

## FACTS

Groundhog and Cement Asbestos filed timely proofs of claim for labor and materials supplied. Dusanko filed a proof of claim for money advanced. Creditors were awarded the principal amount pursuant to stipulation. In the stipulations the parties reserved the right to claim accrued and accruing interest. In September 1985, creditors moved for payment of pre-petition and post-petition interest.

On December 19, 1985 the court entered an order denying payment of interest on creditors' claims. The court found that an agreement to incorporate executed by the principals of creditors revealed no intent on the part of the parties to pay interest on monies advanced or work and materials supplied.

## ISSUE

Whether the court erred in denying creditors' motions for payment of interest.

## DISCUSSION

■ The interpretation of a contract is a mixed question of fact and law subject to de novo review. *Marchese v. Shearson Haydon Stone, Inc.*, 734 F.2d 414 (9th Cir. 1984). An analysis of contractual language and an application of the principles of contract interpretation is a matter of law and reviewable de novo. If the inquiry focuses on extrinsic evidence of related facts the court's conclusions will not be reversed unless clearly erroneous. *Miller v. Safeco Title Insurance Co.*, 758 F.2d 364 (9th Cir. 1985). The record indicates that the trial court's decision was based on extrinsic evidence of intent.

The lower court reviewed the interest applications and supporting documents. The court determined that the intent of the parties in creating debtor was fully set forth in the Agreement to Incorporate. For their contribution of money or labor and materials, the court determined that the parties did not contemplate the accrual of interest.

■ While the Agreement to Incorporate and the pro forma exhibits do not disclose an agreement to pay interest, the five promissory notes executed between Dusanko and debtor state money is to be lent with interest at 18%. The parties stipulated below that Dusanko's contribution was in the form of debt and not equity. The loaning of money necessarily implies the accrual of interest. Agreements to incorporate do not generally contain provisions regarding interest.

■ The liquidation of a claim for the supply of labor and materials entitles the contractor to pre-judgment interest. Arizona law provides for pre-judgment interest on a liquidated claim for damages. *Sucio v. Amfac Distribution Corp.*, 138 Ariz. 514, 675 P.2d 1333 (App.1983). A contract providing for the payment of interest need not exist. *See, Colvin v. United States*, 549 F.2d 1338 (9th Cir.1977).

Cement and Groundhog are not parties to the agreement. The principals of Groundhog and Cement, John Woodford and Eugene Dusanko, are also shareholders of debtor. The agreement to incorporate was signed by the principals in their individual and not corporate capacity. Insider dealing or lack of corporate formality theories were not determinative in the ruling by the lower court. We also refrain from a ruling on those theories. Absent bankruptcy, judgment creditors are entitled to interest in Arizona. *Transamerican Insurance Company v. Trout*, 145 Ariz. 355, 701 P.2d 851 (App.1985).

Creditors are entitled to pre-petition interest at the legal rate. The parties agree

that Dusanko will only receive the legal rate.

 The estate of the debtor is solvent. An award of post-petition interest may be allowed when the estate is solvent. *In re Walsh Construction, Inc.,* 669 F.2d 1325 (9th Cir.1982). A bankruptcy court's decision to award interest is a matter of discretion and is subject to reversal only for an abuse of discretion. *Matter of Beverly Hills Bancorp,* 752 F.2d 1334 (9th Cir.1985). The award of post-petition interest is dependent upon the equities of the case. *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946).

We look to a liquidation analysis under §§ 726(a)(5) and 1129. In a distribution under Chapter 7 post-petition interest will be paid at the legal rate from the estate to the extent a surplus of assets remain for the debtor at the close of the estate. A Chapter 11 creditor is entitled to at least as much as it would receive under Chapter 7. Under the circumstances here, where there is a very solvent debtor, similiar creditors in Chapter 7 would receive post-petition interest on their claims. The trial court abused its discretion in not awarding post-petition interest.

We reverse.