**In re S.N.A. NUT COMPANY, Debtor.**

**Bankruptcy No. 94 B 5993.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 22, 1996.

Catherine Steege, Jenner & Block, Chicago, IL, for debtor.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Haagen–Dazs Company ("Haagen–Dazs") for Leave to File a Proof of Claim. S.N.A. Nut Company ("Debtor") was engaged in the business of procession and selling various types of nuts. On March 24, 1995, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Code") (11 U.S.C. *et seq.*). After the filing of the bankruptcy, Debtor supplied Haagen–Dazs with nuts allegedly pursuant to a one-year supply contract entered into pre-petition. However, Debtor failed to make a number of post-petition shipments, and

Haagen–Dazs was forced to obtain "cover" in excess of the agreed upon contract price with Debtor. Haagen–Dazs alleges damages in the amount of $496,461 as a result of the "cover" obtained. On December 1, 1994, the Vice–President and General Counsel of Haagen–Dazs notified Debtor of its failure to perform on the pre-petition contract, and promised to hold Debtor "fully liable for this breach, and the attendant cost of cover." The correspondence not only put Debtor on notice of Haagen–Dazs' status as a potential claimant in the bankruptcy, but also reveals Haagen–Dazs' knowledge of the bankruptcy proceeding.

On December 12, 1994, Debtor gave publication notice of the confirmation hearing in both the Chicago Tribune and the El Paso Times/Herald Post. Haagen–Dazs did not receive actual notice of the confirmation hearing date. On January 12, 1995, Debtor's Liquidating Joint Plan of Reorganization ("Plan") was confirmed by the Court.

Under the Plan, all executory contracts that were not assumed or rejected by the confirmation date were rejected upon confirmation. Non-debtor parties to executory contracts rejected under the Plan had thirty days from the confirmation date to file claims for damages arising from rejection. The Plan classifies claims filed after their respective bar dates as "Penalty Claims," which are subordinated and only entitled to a distribution after all unsecured creditors are paid in full.

Currently, all assets of the Debtor have been transferred as required by the Plan. Only two classes of claimants remain to be paid. One of these classes, the general unsecured creditor class, has received an initial twenty percent distribution.

On February 28, 1995, Debtor filed an adversary complaint seeking to recover approximately $452,000 for unpaid post-petition sales to Haagen–Dazs. Haagen–Dazs asserted both an affirmative defense and counterclaim against the Debtor. Haagen–Dazs alleged that it possessed setoff rights stemming from the damages it incurred as a result of Debtor's failure to make certain post-petition shipments pursuant to the one-year supply contract.

On January 22, 1996, this Court granted Debtor's motion to strike Haagen–Dazs' affirmative defense and dismiss its counterclaim. It was determined that the alleged one-year supply contract was executory at the commencement of the case, entitling Haagen–Dazs to at best a pre-petition claim for damages, and without setoff rights under § 553 of the Code.

On March 22, 1996, Haagen–Dazs filed this Motion for Leave to File a Proof of Claim, requesting that its proof of claim be deemed timely under the Plan so as to obviate subordination. Haagen–Dazs argues that since it was a known creditor of the Debtor, and did not receive actual notice of the confirmation hearing, both due process and its excusable neglect in filing the proof of claim warrant such treatment.

The Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## I. DISCUSSION

The Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950). Thus, if a creditor is not given reasonable notice of the bankruptcy proceeding and the relevant bar dates, its claim cannot be constitutionally discharged. *See In re Longardner and Associates, Inc.,* 855 F.2d 455, 465 (7th Cir.1988). What constitutes "reasonable notice," however, varies according to the knowledge of the parties.

When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process. *See Mullane,* 339 U.S. at 317–18, 70 S.Ct. at 658–59. Indeed, creditors which

are unknown to the debtor, but aware of the bankruptcy, have a duty to inquire whether their claim might be affected by the proceeding. *See In re Gregory,* 705 F.2d 1118, 1123 (9th Cir.1983). However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable, and actual notice of the relevant bar dates must be afforded to the creditor. *See City of New York v. New York N.H. & H.R. Co.,* 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). The term "creditor" in bankruptcy law is sufficiently broad to include a potential creditor. *See In re Chicago, Rock Island & Pacific Railroad Co.,* 788 F.2d 1280, 1283 (7th Cir.1986).

In cases under Chapter 7 or Chapter 13 of the Code, actual knowledge without notice of the bankruptcy by a creditor whose existence is known to the debtor will satisfy due process concerns with respect to treatment of its claim. *See In re Dartmoor Homes, Inc.,* 175 B.R. 659, 670 (Bankr. N.D.Ill.1994).[1] However, in cases under Chapter 11 of the Code involving corporate debtors, creditors which are known to the debtor must be provided with actual notice of the relevant bar dates. Actual knowledge of the pendency of the bankruptcy by such a creditor is insufficient to satisfy due process. *See City of New York,* 344 U.S. at 297, 73

S.Ct. at 301 ("But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred"); *In re Chicago, Rock Island & Pacific Railroad Co.,* 788 F.2d at 1283 ("It is true that *creditors* are entitled to actual notice of an impending discharge and are entitled to it even of they have knowledge of the bankruptcy proceeding").

In the matter at bar, it is clear that Haagen–Dazs was known by the Debtor to be at least a potential creditor in the bankruptcy. The December 1, 1994 correspondence threatening to hold Debtor liable for damages put Debtor on notice of Haagen–Dazs' status as a potential creditor. The correspondence also reveals Haagen–Dazs' knowledge of the bankruptcy. However, it could not have had notice of, or complied with, the court established bar date for unsecured claims since it did not obtain "cover" until thereafter. Consequently, it would be a violation of due process to subject Haagen–Dazs' claim to the bar date established in the Plan when it had only publication notice, and not actual notice, of the confirmation hearing. The fact that Haagen–Dazs had actual knowledge of the bankruptcy proceeding does not alter this conclusion since the case involves a corporate debtor.[2]

---

1. Section 523 of the Code prohibits a debtor from discharging a debt if the debt is "(3) neither listed or scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—(A) ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing." 11 U.S.C. § 523(a)(3)(A). Section 1141(d)(2) makes clear that § 523(3) affects only individual debtors in Chapter 11, not corporate debtors, stating that "[t]he confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2).

2. Federal Rule of Bankruptcy Procedure 9006(b)(1) allows late filed claims to be deemed timely upon a showing of "excusable neglect." Such a showing requires court determination that "neglect" gave rise to late filing of the claim, and that the neglect was "excusable" after considering the surrounding circumstances. *See Pioneer Investment Services Co. v. Brunswick Assoc.,* 507 U.S. 380, 387–397, 113 S.Ct. 1489, 1494–1499, 123 L.Ed.2d 74 (1993).

"Neglect" is present when tardiness in filing the proof of claim was due to circumstances outside of the claimant's control. *Id.* at 388, 113 S.Ct. at 1494–1495. Since Haagen–Dazs was not provided with notice of the confirmation date, its failure to file a proof of claim within the bar date established in the Plan constitutes "neglect."

In determining whether the neglect was "excusable," the Court must consider "the danger of prejudice to the debtor, the length of its delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498. Equitable considerations warrant a finding of "excusable neglect" with respect to Haagen–Dazs, given the constitutional magnitude of its justification for failure to comply with the bar date, as well as the absence of a return on its claim if subordinated under the Plan. Although this conclusion may delay payments to the general unsecured claimants, such a disruption to administration of the estate does not justify infringement of Haagen–Dazs' due process rights. *See In re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 100 (1st Cir.1974) (holding that a

Debtor cites *In re Diamond Mortgage Corp. of Illinois,* 105 B.R. 876 (Bankr. N.D.Ill.1989), in arguing that failure to classify Haagen–Dazs' untimely claim as a "Penalty Claim" requires impermissible revision of the Plan by the Court. In *Diamond Mortgage,* the court refused to reclassify a group of claimants who were mistaken as to classification of their claims due to a definitional inconsistency between the plan and the disclosure statement. The court noted that "confirmation of a plan in effect sets the plan in stone." *Id.* at 880. However, *Diamond Mortgage* is inapposite since the court was not confronted by creditor with constitutionally insufficient notice of the confirmation hearing.

## II. CONCLUSION

For the foregoing reasons, the Court grants Haagen–Dazs' Motion for Leave to File a Proof of Claim, which shall be deemed timely within the bar date established for executory contracts rejected upon confirmation in the Plan.

known creditor without notice of plan confirmation was not barred from filing a late claim, although "some problems would be created with respect to administration of the ... reorganization plan").