In re the ENSTAR GROUP, INC., Debtor.

**Bankruptcy No. 91–02618–APG.**

United States Bankruptcy Court, M.D. Alabama.

Dec. 23, 1996.

Robert W. Tapscott, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for Kuster.

J. Marbury Rainer, Parker, Hudson, Rainer & Dobbs, Atlanta, GA, for Debtor.

## OPINION ON MOTION FOR ALLOWANCE OF BONDHOLDER CLAIM

A. POPE GORDON, Bankruptcy Judge.

Luzius Kuster, a resident of Switzerland, filed a motion to allow a late proof of claim in this case.

The motion came on for hearing on November 5, 1996, after which the court took the motion under advisement.

The undisputed facts are as follows.

Kuster is the holder of nineteen 6% Swiss bearer bonds issued in 1986 by the debtor's predecessor, Kinder–Care Learning Centers, Inc.[1] The bonds have face values of 5,000.00 Swiss Francs and maturity dates of April 11, 1996.

Kuster acquired the bonds in September 1993. Deciding that the bonds had no value, Kuster took no action to collect on the bonds and placed them in a personal safe.

Bondholders had until October 7, 1993 to file a proof of claim in this case. The debtor sent notice of the bar date to the Swiss banks acting as paying agents on the bonds.[2]

Kuster did not learn of the bar date until February 1996, shortly before the bonds matured, when he requested information regarding repayment.

Kuster filed the instant motion on October 3, 1996 to allow a late proof of claim.

The debtor objects to allowance of the claim contending that Kuster received notice of the bar date sufficient to satisfy due process requirements. The court agrees.

Notice by mail to Kuster was impracticable. The debtor was unaware of Kuster's identity as well as the identity of many of the bearer bondholders.[3] Neither could their identities reasonably be ascertained by the debtor because Swiss law protected their identities from disclosure.[4]

In fact, when the debtor gave notice of the bar date in late August or early September 1993, Kuster may not have been either a holder of the bonds or a creditor of the debtor.[5]

When a creditor is unknown to the debtor, notice by publication satisfies the requirements of due process.[6]

However, publication need not be an exclusive or even supplemental means of notice to unknown creditors. The required notice is that which is "reasonably calculated, under the circumstances, to apprise interested parties."[7]

In the instant case, notice to the Swiss-bank paying agents was reasonably calculat-

---

1. The bonds were part of a 62,500,000.00 franc issue subordinate to another 5.75% bond issue by Kinder–Care Learning Centers, Inc. The two issues were worth approximately $55 million.

2. Notice included Manufacturers Hanover (Suisse) S.A., the Swiss bank identified on the face of the bonds as a party to the "Public Bond Issue Agreement" with the debtor. The debtor also noticed directly bondholders who had identified themselves to the debtor.

3. Kuster did not disclose his identity as a bondholder to the debtor or, apparently, to the Swiss bank paying agent. Contact with either during September 1993 would have disclosed the bar date and the possibility of repayment.

4. Under Swiss law, the identity of the holder of a bearer bond is legally protected and essentially unascertainable.

5. However, inquiry at the time of acquisition could have enabled Kuster to file a timely claim. Kuster has not contended that his predecessor filed a proof of claim. See Fed.R.Bankr.Proc. 3001.

6. *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir.1995); *In re S.N.A. Nut Co.*, 198 B.R. 541 (Bankr.N.D.Ill.1996).

7. See *Chemetron*, 72 F.3d at 348, *citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

ed to apprise bondholders because the paying agents have regular contact with the bondholders for payment of interest and principal during the long-term life of the bonds.

Notice to the bank paying agents was highly effective. Out of the $55,000,000.00 bond issue (valued in U.S. dollars), approximately $53,000,000.00 in claims were timely filed.

Publication would not likely have produced better results.

Although indirect notice may not reach every interested party, indirect notice was the extent of notice that could be given to Kuster and the other unknown creditors in this case.[8]

■ The question remains whether Kuster's failure to file a timely claim constitutes excusable neglect under *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Kuster states in affidavit:

> I acquired all bonds in September 1993. At the time of the acquisition, the bonds were of no value. The bonds were then placed in the safe.
>
> At that time, I did not deliver the bonds to a bank nor a bond trader so as to learn about my position as a bondholder. Only in February, 1996, when I requested information as to the repayment of the bonds did I learn that there was a possibility of repayment. At that time, I was informed that the date for having filed a claim in the bankruptcy case had passed.

When Kuster acquired the bonds, they had been in default for two years. Kuster nevertheless held the bonds three years longer before asserting a claim against the debtor.

Kuster's decision to wait until maturity to take action to recover his claim against the

debtor under the delinquent bonds was a conscious business decision based on his initial evaluation of the debtor's financial condition.[9]

Under these circumstances, excusable neglect is not in issue.[10]

---

8. Kuster and other unknown bondholders would have received actual notice of the bar date had they made their identities known.

9. It is highly likely that Kuster was aware of the bankruptcy petition filed two years prior his bond acquisition. "[C]reditors which are unknown to the debtor, but aware of the bankruptcy, have a duty to inquire whether their claim might be affected by the proceeding." *In re*

*S.N.A. Nut Co.,* 198 B.R. at ·543–544 *citing Lawrence Tractor Co. v. Gregory (In re Gregory),* 705 F.2d 1118, 1123 (9th Cir.1983).

10. *See In re LAN Assocs. XIV, L.P.,* 193 B.R. 730 (Bankr.D.N.J.1996) (Creditor did not file a claim based on belief the debtor lacked sufficient assets to permit any distribution.)