## In re The CELOTEX CORP. and Carey Canada, Inc., Debtors.

### Bokay Company and Sunset Vine Tower, Ltd., Appellants.

v.

### The Celotex Corp., Appellee.

### No. 98–1607–Civ–T–26E.

United States District Court, M.D. Florida, Tampa Division.

March 26, 1999.

---

See also 232 B.R. 484, 232 B.R. 488.

---

Carol L. Cox, Mishan, Sloto, Hoffman & Greenberg, P.A., Miami, FL, Steven J. Solomon, Stroock & Stroock & Lavan, Miami, FL, for Sunset Vine Tower, Ltd., Bokay Company, appellants.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Celotex Corporation, appellee, Carey Canada, Inc., appellee.

## ORDER

LAZZARA, District Judge.

█ In this consolidated appeal, the Appellants, Bokay Company and Sunset Vine Tower, Ltd., challenge the bankruptcy court's orders denying their motions to allow the filing of their admittedly untimely proofs of claim against the Appellee–Debtor, the Celotex Corporation.[1] The Appellants contend that the bankruptcy court erred in disallowing their claims because it misapplied the factors promulgated by the United States Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in evaluating whether to allow the late-filed claims under the excusable neglect standard established in Federal Rule of Bankruptcy Procedure 9006(b)(1). The Appellee argues in part that because the Appellants were well aware of the filing deadline, but made a conscious decision not to file their claims in compliance with that deadline, that there was no neglect to excuse and that the bankruptcy court's orders should therefore be affirmed. The Court agrees with this argument and thus affirms.[2] In doing so, the Court dispenses with oral argument pursuant to Federal Rule of Bankruptcy Procedure 8012(3).

In *Pioneer,* the Supreme Court undertook an analysis of the meaning of "excusable neglect" as used within the context of Rule 9006(b)(1). Relying on the dictionary definition of the term "neglect," it observed that "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.'*" 507 U.S. at 388, 113 S.Ct. at 1494 (quoting from Webster's Ninth New Collegiate Dictionary 791 (1983)) (emphasis in original). The Supreme Court went on to add that "[t]he word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* It then ended its analysis by concluding that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*

█ After *Pioneer,* most courts "have held that where a party's actions are deliberate, the party's late filing cannot constitute 'excusable neglect.'" *Agribank v. Green,* 188 B.R. 982, 988 (C.D.Ill.1995) (collecting and analyzing cases); *accord In re Enstar Group, Inc.,* 215 B.R. 235, 237 (Bankr.M.D.Ala.1996); *In re Montaldo Corp.,* 209 B.R. 40, 48 (Bankr.M.D.N.C. 1997); *In re LAN Assoc. XIV, L.P.,* 193 B.R. 730, 737 (Bankr.D.N.J.1996); *In re Bicoastal Corp.,* 176 B.R. 966, 971 (Bankr. M.D.Fla.1994). The Court adopts this majority position.

In this case, the Appellants' evidentiary presentation before the bankruptcy court established without contradiction that the Appellants through counsel were well aware of the claims bar date of July 29, 1993, but chose not to comply with it be-

---

1. The bankruptcy court rendered these orders pursuant to Federal Rule of Civil Procedure 52(c) which allows for the entry of a judgment as a matter of law on partial findings in a non-jury setting once "a party has been fully heard on an issue." This Court, in reviewing these orders, utilizes the de novo standard as to legal conclusions and the clearly erroneous standard as to factual findings. *See In re Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996).

2. Although the bankruptcy court did not directly address this issue, the Appellee vigorously pursued it (without rebuttal from the Appellants) both before the bankruptcy court and this Court. Thus, assuming there is support for this argument in the record, this Court may consider the issue as an alternative basis for affirming the bankruptcy court's orders, *See. e.g., United States v. Blue Cross and Blue Shield of Alabama, Inc.,* 156 F.3d 1098, 1110 (11th Cir.1998)

cause from their counsel's perspective there was insufficient evidence upon which to base a claim against the Appellee. According to the Appellants' counsel, he discussed the matter of filing a claim with another attorney from his firm approximately one to two months before the expiration of the bar date. As a consequence of this conversation, the attorney "came away with a concern that there was no reasonable factual basis to file a proof of claim on [behalf of] Bokay and Sunset Vine in the Celotex bankruptcy ... [a]nd that to do so might breach the requirements of Rule 11."[3] He acknowledged, however, that he had never "review[ed] the document" advising of the bar date, that he did not "undertake a legal analysis of the law on filing [a claim]," that he had never personally researched the concept of a claim under the Federal Bankruptcy Code,[4] and that it was his understanding "that there were rolling bar dates [and] that there would be an opportunity at some point to file a proof of claim in the bankruptcy should we ever find evidence" supporting such a claim. On July 29, 1994, almost one year after the expiration of the bar date, the Appellants filed their proof of claims believing that at that point in time they had sufficient evidence to justify the filing of such claims.[5]

■ In light of these unrefuted facts, the Court concludes that each of the Appellants made a deliberate, conscious decision not to file a timely proof of claim after evaluating the evidentiary basis for such a claim and determining that such a foundation was lacking in substance. Thus, their failure to file was not due to inadvertence, carelessness, mistake, or faultless omission. *See In re LAN Assoc. XIV, L.P.*, 193 B.R. at 737. Furthermore, to the extent that the Appellants' decision not to file was based on an incomplete understanding of bankruptcy law relating to the nature and prerequisites for filing a claim, it is now established in the Eleventh Circuit "that, as a matter of law, [a] lawyer's failure to understand clear law cannot constitute excusable neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir.1997). Accordingly, because the Appellants' decisions not to pursue timely proofs of claim were deliberate and conscious and did not arise as a result of "neglect," there is no "neglect" which can be the focus of an "excusable neglect" analysis under *Pioneer*.

■ Moreover, to the extent that such an analysis would be appropriate, the Court is of the opinion that the bankruptcy court's findings that allowing the Appellants' claims would result in prejudice to the Appellee and would adversely impact the judicial proceedings are not clearly erroneous. As the Eleventh Circuit recently explained, "[f]or a factual finding to be clearly 'erroneous,' the Court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir.1998). Furthermore, "[w]here the evidence has two possible interpretations, ... the court's choice between them cannot be clearly erroneous." *Id.* Thus, the "clearly erroneous" standard has been characterized by the Eleventh Circuit as "a very high standard, one we would *rarely* be likely to find, ..." *In re Hillsborough*

---

3. *See* Fed.R. of Bankr.P. 9011(c) (providing in part for the imposition of sanctions on attorneys if factual contentions contained in a petition, pleading, written motion, or other paper presented to a bankruptcy court lack evidentiary support).

4. Indeed, even as of the date of his testimony before the bankruptcy court in February of 1998, the Appellants' attorney was still unfamiliar with the meaning of "contingent," "disputed," "contested," and "unliquidated" as those terms related to a claim in bankruptcy. *See* 11 U.S.C. § 101(5) (defining the meaning of claim under the Federal Bankruptcy Code). According to the attorney, those were "not typically terms" that were used in his area of legal practice.

5. Appellant Bokay's claim was for two million dollars and Appellant Sunset Vine's claim was for five million dollars.

*Holdings Corp.,* 127 F.3d 1398, 1401 (11th Cir.1997) (emphasis added). In the Court's view, after carefully reviewing the findings in light of the evidence and in light of the bankruptcy court's unique perspective acquired over the many years it has presided over this unique, complex, and multi-faceted case involving billions of dollars in property damage claims and personal injury claims (some of which are still unknown) and a trust with limited assets to satisfy these claims, this Court can state unequivocally that it is not left with a definite and firm conviction that the bankruptcy court made erroneous findings relative to debtor prejudice and adverse impact on the judicial process.

The bankruptcy court's orders are therefore affirmed and the Clerk is directed to close this case.

**DONE AND ORDERED.**