In re SC CORPORATION, Wigs By Paula, Inc., a/k/a Paula Young, a/k/a Royal Advertising, Inc., Debtors.

Nos. 95–30927, 95–30928.

United States Bankruptcy Court, D. Connecticut.

Aug. 20, 2001.

Irve J. Goldman, Pullman & Comley, LLC, Bridgeport, CT, Jonathan D. Elliot, Peter L. Masanotti, Andre Steinke, Kleban

and Samor, Southport, CT, James P. Brochin, Evans, Feldman and Boyer, LLC, New Haven, CT, for S.C. Corp. and Wigs By Paula, Inc.

## MEMORANDUM AND ORDER ON MOTION FOR LEAVE TO FILE CLAIM AFTER BAR DATE

ALBERT S. DABROWSKI, Bankruptcy Judge.

On July 2, 2001, the Commonwealth of Massachusetts Department of Revenue (hereafter, "MDOR"), filed a *Motion... for Leave to File Claims After the Bar Date on the Grounds of Excusable Neglect* (hereafter, the "Motion"), Doc. I.D. No. 783, seeking on the grounds of "excusable neglect" pursuant to Fed. R. Bankr.P. Rule 9006(b)(1),[1] an enlargement of time to file Proof Claim No. 253, *inter alia.*[2]

It is undisputed that MDOR received notice of the commencement of the bankruptcy case of the Debtor, Wigs By Paula, Inc. (hereafter, the "Debtor"), and of the applicable Claims Bar Date of May 9, 1993. As set forth in the July 25, 2001 Affidavit of John Giamattei (hereafter, the "Affidavit"),[3] MDOR's employees examined the Debtor's tax records prior to the bar date, specifically "to determine whether or not to file a proof of claim for unpaid corporate excise tax for 1992", Affidavit at ¶ 4. Based on that examination, and Section 19 of Mass. Gen. Laws Chapter 62C,[4] MDOR

---

1. Fed. R. Bankr.P. Rule 9006(b)(1)(2) provides, in pertinent part:

    (b) Enlargement.
    (1) ... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion... permit the act to be done where the failure to act was the result of *excusable neglect.*
    (emphasis added).

2. Two other claims—Claim Nos. 254 and 255—which were originally subjects of the Motion were withdrawn on the record of July 25, 2001, are no longer before the Court in connection with the Motion.

3. For purposes of the resolution of the Motion by this Court at this time only, the facts asserted in the Affidavit are assumed to be true.

4. Mass. Gen. Laws Chapter 62C authorizes an automatic six-month extension of time to file a tax return provided that the taxpayer

"concluded that [the Debtor] had ascertained that no additional tax liability existed for 1992 and that even a late-filed return would show no additional tax due." Affidavit at ¶ 7. Consequently, MDOR decided at that time not to file a proof of claim for corporate excise tax for the 1992 tax year. However, on October 14, 1993—nearly six months after the Claims Bar Date—the Debtor filed its corporate excise tax return for tax year 1992, disclosing a total tax liability of $77,625.00. Affidavit at ¶ 9. Since this liability exceeded the Debtor's 1992 tax year credits by $39,710.00, MDOR filed Proof of Claim No. 253 on January 18, 1994. *Id.*

■ The facts relevant to this matter do not present a circumstance of "neglect", excusable or otherwise. Rather, they paint a clear picture of a taxing authority, fully cognizant of the claims bar date, carefully contemplating and then freely electing to forego the timely filing of a proof of claim. While MDOR's decision not to file a proof of claim may have been reasonable given the Debtor's taxpayer history of (i) seeking extensions of time to file its corporate tax returns, and (ii) generally paying the full amount of the tax, MDOR took a calculated risk that the extraordinary would occur. That decision-making process was the antithesis of "neglect". Accordingly, there is no basis under Fed. R. Bankr.P. Rule 9006(b)(1) for an enlargement of the time for filing of Proof of Claim No. 253.

■ This Court's discretion is also informed by the strong policy in favor of the integrity of claim bar dates.

A [claims] bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy

"pays... the amount of tax reasonably esti-

estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization.... [E]stablishing the identities and interests of the participants so that the claims-allowance process may begin is an essential function served by a bar order.

*In re Hooker Investments, Inc.,* 937 F.2d 833, 840 (2d Cir.1991). MDOR knew, or should have known, that "a bar order does not function merely as a procedural gauntlet, but as an integral part of the reorganization process", *Id.* (citation omitted), and that to ignore such a bar date subjected an unliquidated claim to substantial peril.

For the foregoing reasons, the Motion should be and hereby is **DENIED**.