In re MAHONEY HAWKES, LLP, Debtor.

Eliot Jacobson, Appellant,

v.

The Official Committee of Unsecured Creditors of Mahoney Hawkes, LLP, Appellee.

BAP No. MB 01–059.

United States Bankruptcy Appellate Panel of the First Circuit.

Jan. 25, 2002.

Richard D. Glovsky, Boston, MA, Jonathan D. Plaut, Newton, MA, on brief, for Appellant.

David B. Madoff, Boston, MA, Kristin M. McDonough, Weymouth, MA, on brief, for Appellee.

Before HAINES, DEASY & KORNREICH, U.S. Bankruptcy Appellate Panel Judges.

PER CURIAM.

Eliot Jacobson ("Jacobson") appeals the bankruptcy court's denial of his motion asking that his proof of claim, filed four days after the applicable bar date, be considered timely. He also appeals the court's refusal to reconsider its decision. The Official Committee of Unsecured Creditors (the "Committee") opposes him.

We have jurisdiction under 28 U.S.C. § 158(a) & (b) to entertain appeals from final orders of the bankruptcy court. The lower court's denial of Jacobson's request that his proof of claim be deemed timely is such an order. *See In re Saco Local Dev. Corp.,* 711 F.2d 441 (1st Cir.1983)(discussing principles of finality for purposes of bankruptcy appeals); *Fleet Data Processing Corp. v. Branch (In re Bank of New*

*England Corp.),* 218 B.R. 643 (1st Cir. BAP 1998)(same). We review the lower court's rulings for abuse of discretion. *See* Fed. R. Bankr.P. 9006(b)(1)(according bankruptcy court discretion to permit late actions).

The issue before us deserves but little discussion. Jacobson contends that the bankruptcy judge erred by applying the wrong legal standard in evaluating his assertion that he should have been permitted to file his proof of claim late because his tardiness was occasioned by "excusable neglect." *See* Fed. R. Bankr.P. 9006(b)(1)(if a party moves for permission to act after missing a deadline, court "may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable neglect"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 390–93, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (explaining proper application of excusable neglect standard). He points to the court's statement that his initial motion was denied "for the reasons set forth in the objection of the official creditors' committee," and the Committee's reliance on *In re First Software Corp.,* 97 B.R. 711 (D.Mass.1988), a pre-*Pioneer* decision.

We agree with Jacobson that, in light of *Pioneer, In re First Software Corp.* is no longer a vital statement of excusable neglect's elements.[1] But we disagree that the bankruptcy court's reliance on *First Software* makes a difference in this case. Although *Pioneer* made it clear that Rule 9006(b)(1) and the excusable neglect standard can operate to permit late filings in cases of "inadvertence, mistake,

or carelessness, as well as by intervening circumstances beyond the party's control," 507 U.S. at 388, 113 S.Ct. 1489, it did not go so far as to equate "neglect" with conscious disregard of the bar date. Although Jacobson had been listed as a creditor, and although he had notice of the bar date, he admitted in his initial motion that he withheld filing his proof of claim "because [he] did not want to accuse the Debtor of malpractice and conflict of interest without proof...." Motion of Eliot Jacobson For His Proof of Claim to be Considered Timely Filed. And his affidavit offered in support of his motion for reconsideration averred "Because of [my] forty (40) year relationship with Mahoney, Hawkes and Goldings, [he] was reluctant to file a proof of claim in this case based upon malpractice and conflict of interest" until he realized that he could not collect money owed him from other sources.

In order to establish excusable neglect, Jacobson had to demonstrate that his inaction was due to neglect and that, under the circumstances, the neglect was excusable. His pleadings demonstrate beyond cavil that his tardiness was borne of calculation rather than neglect. The bankruptcy court did not abuse its discretion in ruling against him.

For these reasons, the bankruptcy court's orders denying Jacobson's motion to allow his late-filed claim as timely and refusing to reconsider that ruling are AFFIRMED.

---

1. The *First Software* court included in the list of factors to be considered whether "the failure to timely file a proof of claim due to circumstances which were beyond the reasonable control of the person whose duty it was to perform ...." 97 B.R. at 716. In *Pioneer,* the Supreme Court held that the "intervening circumstances beyond the party's control" need not always be shown to establish excusable neglect. 507 U.S. at 388–89, 113 S.Ct. 1489.