[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 31, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-12907

_____

D. C. Docket No. 03-22180-CIV
BKCY No. 94-10202-BKC-AJ

IN RE:  BANCO LATINO INTERNATIONAL,

Debtor.

_____

BANCO LATINO INTERNATIONAL,

Plaintiff-Appellee,

versus

GUSTAVO A. GOMEZ LOPEZ,
MARIA TERESA PULGAR,
GIACOMO LEON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2005)**

Before BLACK and WILSON, Circuit Judges, and NANGLE[*], District Judge.

PER CURIAM:

_____

[*] Honorable John F. Nangle, United States District Judge for the Eastern District of
Missouri, sitting by designation.

Appellants argue the district court erred in denying their indemnification claims against Banco Latino International ("BLI") because it improperly relied on *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 113 S. Ct. 1489 (1993). We disagree and affirm the well-reasoned district court decision reported at 310 B.R. 780 (S.D. Fla. 2004).

## I. BACKGROUND

Appellee BLI was an Edge Act Bank operating in the state of Florida. On January 19, 1994, BLI filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The Bankruptcy Court set August 9, 1994 as the claims bar date.

Appellants were pre-bankruptcy directors and/or officers of BLI. BLI's June 1994 Disclosure Statements placed Appellants on notice that it may file civil claims against them for wrongful conduct committed while acting as directors and/or officers, and BLI subsequently did in 1995. *See Banco Latino v. Gomez Lopez*, 17 F. Supp. 2d 1327 (S.D. Fla. 1998). BLI's claims were not successful though and Appellants' motions for summary judgment were granted. *See Banco Latino Int'l. v. Gomez Lopez*, 95 F. Supp. 2d 1327, 1337 (S.D. Fla. 2000). Pursuant to BLI's corporate by-laws, Appellants would have been entitled to indemnification for the costs and expenses of defending that lawsuit. However,

2

Appellants did not file a claim for indemnification by the claims bar date, instead filing their claims more than five years after the deadline.  *Banco Latino Int'l. v. Gomez Lopez*, 310 B.R. 780, 785 (S.D. Fla. 2004).

The bankruptcy court granted Appellants' motion for allowance and payment of their indemnification claims.  *In re Banco Latino Int'l.*, Case No. 94-10202-BKC-AJC (S.D. Fla., January 23, 2003).  Yet, the bankruptcy court did not mention, let alone distinguish, the present case from *Pioneer*.  The district court reversed the bankruptcy court's order, relying on *Pioneer* and noting it was the "seminal case on the issue."  *Banco Latino*, 310 B.R. at 784.

## II. DISCUSSION

The district court aptly summarized *Pioneer*, stating:

> In *Pioneer*, the Supreme Court explained that Rule 3003(c) of the Federal Rules of Bankruptcy Procedure sets out the requirements for filing proofs of claim in . . . Chapter 11 Reorganization cases, and explicitly held that Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies.  Bankruptcy Rule 9006(b) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect.

*Id*. (internal citations and quotations omitted).  Appellants' attempt to avoid application of *Pioneer* is unavailing; the cases cited in support of their argument are inapplicable as indicated by the district court.  *See id.* at 785–86.  If

3

Appellants, like anyone else, wish to file claims after the claims bar date in a Chapter 11 bankruptcy, then they must demonstrate that their failure to file timely claims was the result of excusable neglect. As Appellants have not even attempted to argue excusable neglect to this Court, we agree with the district court that the "late filing of the claims should not have been allowed." *Id.* at 785.

AFFIRMED.