PER CURIAM:
 

 The appellant, Raymond Odom, seeks review of an order of the bankruptcy court dismissing his Chapter 11 petition.
 
 See
 
 11 U.S.C. § 1101
 
 et seq.
 
 After he filed the petition initially, two of his creditors, the Federal Home Administration (FHA) and the Federal Land Bank (FLB) requested
 
 *963
 
 and obtained relief from .the automatic stay.
 
 See
 
 11 U.S.C. § 362. At about the same time, the debtor submitted a plan of reorganization. Without ever formally rejecting the plan, the bankruptcy court, after notice and a hearing, dismissed the entire petition, based on its finding that there existed no “reasonable likelihood of rehabilitation.”
 
 See
 
 11 U.S.C. § 1112.
 

 This appeal of that order is premised on 28 U.S.C. § 1293(b), which permits review in the court of appeals of a final order of a bankruptcy court “if the parties to such appeal agree to a direct appeal to the court of appeals.”
 
 [1]
 
 Although no other party has stipulated to this appeal, Odom claims that he has properly invoked the jurisdiction of the court under § 1293(b). In his view, the bankruptcy court’s dismissal was a “non-adversarial” proceeding inasmuch as the bankruptcy court dismissed the petition
 
 sua sponte.
 
 Thus, he argues, there is no adverse party and his consent to the appeal, standing alone, is sufficient.
 

 The definition of the “parties” who must agree to a § 1293(b) appeal appears to be a novel question of statutory interpretation under the Bankruptcy Reform Act of 1978 (Act). We have been unable to locate any ease construing the term. Similarly, the legislative history of the Act offers little illumination on the scope of the provision. Nevertheless, the judicial construction of the term “aggrieved party” in § 25(a) of the old Bankruptcy Act, which established the category of parties with standing to appeal a district court order entered in connection with a bankruptcy proceeding, provides at least a starting point for our analysis. This court’s predecessor, the former Fifth Circuit, defined “aggrieved” as encompassing those parties having a “direct and substantial interest in the question” being appealed.
 
 In re First Colonial Corp. of America,
 
 544 F.2d 1291, 1296 (5th Cir.),
 
 cert. denied,
 
 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977),
 
 quoting, In re American Bonded Mortgage Co.,
 
 453 F.2d 528, 530 (5th Cir.1971).
 
 [2]
 

 In this case, a review of the proceedings in the bankruptcy court reveals at least two creditors with such an interest. The FHA and the FLB together hold security interests in Odom’s farmland as collateral for debts exceeding three million dollars. By earlier order of the bankruptcy court, they both were granted relief from the automatic stay imposed when Odom initially filed his petition.
 
 See
 
 11 U.S.C. § 362. Thus, as Odom concedes, that order gave them the right to immediate foreclosure on the bulk of his assets.
 

 Not only do the FHA and FLB hold substantial interests in any reorganization attempt by Odom, but those interests are diametrically adverse to the debtor’s stake in this action. The reorganization plan, as submitted, contemplated Odom’s continued use of the farmland. For that reason, the successful implementation of the proposal would require either the reimposition of the automatic stay on the two primary creditors or their willingness to voluntarily forego foreclosure.
 
 [3]
 
 The creditors’ persistent course of conduct throughout these proceedings illustrates their firm opposition to such alternatives. They vigorously challenged the debtor’s application for leave to rent the real estate. They also successfully obtained relief from the automatic stay. Finally, the FLB appeared at the dismissal hearing and confirmed its unwavering intention to foreclose on the debtor’s property. During that same hearing it clearly expressed its unwill
 
 *964
 
 ingness to acquiesce to the plan then submitted by Odom and which was under consideration by the bankruptcy court.
 

 In view of the substantial adverse interests consistently asserted by the FHA and FLB, we cannot accept the debtor’s contention that the dismissal of his reorganization petition can be characterized as “non-adversarial.” Rather, in the particular context of this case, the FHA and FLB are “parties” whose consent is necessary under § 1293(b). Because they have not stipulated to a direct appeal to this court,
 
 see
 
 11th Cir.R. 21(b), we lack jurisdiction.
 

 Accordingly, the appeal is DISMISSED.
 

 [1]
 

 . This appellate route is available to litigants during the transition period of the Bankruptcy Reform Act of 1978. See
 
 In re Kutner,
 
 656 F.2d 1107, 1112 (5th Cir.1981),
 
 cert. denied,
 
 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).
 

 [2]
 

 . This court has adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206 (11th Cir.1981) (en banc).
 

 [3]
 

 .The debtor does suggest that reorganization may still be feasible without the farmland. In that scenario, the FHA and FLB would arguably not have any interest adverse to that of Odom. But the debtor’s first preference, as revealed in his appellate brief and the hearing before the bankruptcy court, is to retain the use of the farmland in his reorganization operation.