In re STEVE A. CLAPPER & ASSOCIATES OF FLORIDA, Debtor.

Capitol Indemnity Corporation, Plaintiff,

v.

Thomas S. Heidkamp, Trustee in Bankruptcy for Steve A. Clapper & Associates of Florida, Defendant.

Bankruptcy No. 99–13102–9P7. Adversary No. 00–438.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

June 19, 2006.

Robert T. Maher, Robert T. Maher, P.A., Fort Myers, FL, for Debtor.

**_ORDER PURSUANT TO THE MAN-DATE ENTERED BY THE UNIT-ED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVI-SION ON MARCH 10, 2006_**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER before this Court is pursuant to the mandate issued by the United States District Court for the Middle District of Florida, Fort Myers Division (District Court) on March 10, 2006, in the above-captioned Adversary Proceeding. The District Court entered its Order remanding the matter to this Court to consider and determine whether or not the failure of the Trustee to timely file his Notice of Appeal was due to "excusable neglect."

### BRIEF RECAP OF THE EVENTS LEADING TO THE MATTER UNDER CONSIDERATION

In order to highlight the key points controlling the issue before this Court, it is appropriate to briefly recap the events preceding and leading up to the mandate issued by the District Court.

The Debtor, Steve A. Clapper & Associates of Florida (the Debtor) filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 11, 1999. On November 17, 1999, the Chapter 11 case was converted to a Chapter 7 liquidation

case, and Thomas S. Heidkamp (Heidkamp) was appointed as the Chapter 7 Trustee for the Debtor's Estate. Prior to the commencement of this Adversary Proceeding, Heidkamp resigned and was replaced by Angela Stathopoulos (Trustee), who is currently the acting Trustee for the estate of the Debtor.

On July 17, 2000, Capitol Indemnity Corporation (Capitol) filed a Complaint setting forth three claims in three separate counts. In Count I, Capitol seeks the return of funds currently held by the Trustee, which were payments made in connection with a construction project referred to as the Forced Main Project. In Count II of the Complaint, Capitol seeks the return of the funds currently held by the Trustee obtained from the Harbor Boulevard Project. In Count III, Capitol seeks a declaration by this Court that the funds in question are not property of the Debtors estate and that this Court declare that Capitol is entitled to all monies recovered by the Trustee.

On January 10, 2001, the Trustee and Capitol filed cross Motions for Summary Judgment (Doc. Nos. 11 and 12). This Court on February 20, 2001, entered its Order Denying Motion for Summary Judgment by Plaintiff and Motion for Summary Judgment by Defendant and scheduled a pretrial conference. The Trustee moved for rehearing and reconsideration of this Court's February 20, 2001, Order denying the Trustee's Motion for Summary Judgment. On June 19, 2001, this Court entered its Order Denying Capitol's Motion for Summary Judgment and granted the Trustee's Motion for Summary Judgment as to Counts I and II of the Complaint, on the basis that the Debtor performed the work and submitted its payment request prior to the owners' declaration of default, and entered a Final Judgment on the same.

On June 29, 2001, Capitol filed its Notice of Appeal of the Summary Judgment Order in the District Court, citing 28 U.S.C. § 158(a)(1). On May 5, 2003, the District Court reversed this Court's Order and granted Summary Judgment in favor of Capitol on Counts I and II of the Complaint (Doc. No. 31). The Trustee appealed the District Court's Order to the United States Court of Appeals for the Eleventh Circuit (Eleventh Circuit). On August 18, 2003, Capitol moved to dismiss the appeal on the grounds that the Eleventh Circuit lacked jurisdiction since this Court's Summary Judgment Order was not an appealable order. Capitol's argument was based on the fact that this Court had not ruled on Count III of the Complaint. The Eleventh Circuit granted Capitol's Motion, the appeal was dismissed on jurisdictional grounds and the Trustee's Motion for Rehearing and Reconsideration was denied. In an attempt to perfect the Final Judgment, the parties stipulated to the entry of a Final Judgment. On May 4, 2004, this Court entered the Agreed Final Judgment (Doc. No. 39). The Final Judgment preserved the appellate rights of the parties and included the dismissal of Count III of the Complaint so that the jurisdictional issue which previously existed was now cured.

On June 2, 2004, twenty-nine (29) days after this Court entered its Final Judgment in favor of Capitol, the Trustee filed a Notice of Appeal (Doc. No. 41) and on June 9, 2004, this Court entered its Order Dismissing the Appeal for Untimeliness (Doc. No. 42). On June 15, 2004, the Trustee filed its Motion for Reconsideration and/or Review of this Court's Order Dated June 9, 2004 Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal (Doc. No. 45). In due course this Court heard oral arguments of counsel on Trustee's Motion for

Reconsideration and Motion for Extension of Time. On July 30, 2004, this Court entered its Order Denying Trustee's Motion for Reconsideration and/or Review of this Court's Order Dated June 9, 2004 Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal (Doc. No. 48). On August 9, 2004, the Trustee filed its Notice of Appeal (Doc. No. 50).

On August 17, 2004, the appeal was docketed by the District Court. On July 21, 2005, the District Court affirmed this Court's June 9, 2004 Order Dismissing Appeal for Untimeliness. The District Court also affirmed this Court's Order Denying Trustee's Motion for Reconsideration and/or Review of this Court's Order Dated June 9, 2004 Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal. On June 22, 2005, the District Court entered its Judgment in favor of Capitol.

The Trustee appealed the District Court's Order of July 21, 2005, to the Eleventh Circuit. On November 25, 2005, the Eleventh Circuit entered its Order remanding the matter back to the District Court. On March 19, 2006, the District Court entered its Order vacating its Order of July 21, 2005 and remanded the matter to this Court to consider the sole remaining issue of whether or not the Trustee's tardiness in filing the Notice of Appeal was due to "excusable neglect."

█ In due course this Court heard argument of counsel in support of and in opposition to the claim of the Trustee of excusable neglect. Counsel for the Trustee conceded that the failure to file the Notice of Appeal within 10 days as required by Fed. R. Bankr.P. 8002(a) was based on his misunderstanding of the relevant Rule, and he incorrectly assumed that an appeal in a bankruptcy case is govern by the thirty-day rule, which governs appeals from the District Court to the Court of Appeals. This Court is satisfied that the decision was a deliberate choice, *albeit* incorrect, and was not due to any extenuating circumstances which were beyond the control of counsel for the Trustee.

It cannot be gainsaid that an appeal from the Bankruptcy Court to the District Court is governed by Fed. R. Bankr.P. 8002(a), which provides that a "notice of appeal shall be filed with the clerk within 10 days from the entry of the judgment, order, or decree appealed from. . . ." Fed. R. Bankr.P. 8002(a). Rule 8002 further provides that the bankruptcy judge may extend the time for filing a notice of appeal, but the request to extend the time "must be made before the time for filing a notice of appeal has expired." Fed. R. Bankr.P. 8002(c). If the request to extend the time for filing an appeal is not made within ten days of the entry of the order, but is made within twenty days from the expiration of the time to file a notice of appeal, then the bankruptcy judge may still grant the extension but only "upon a showing of excusable neglect." Fed. R. Bankr.P. 8002(c).

In determining whether the Trustee's failure to timely file her Notice of Appeal within the ten-day period set forth in Rule 8002(a) constitutes excusable neglect, this Court is guided by the Supreme Court's decision in *Pioneer Investment Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court in *Pioneer* analyzed "excusable neglect" within the provisions of Fed. R. Bankr.P. 9006(b). The Eleventh Circuit has held that *Pioneer* applies in determining "excusable neglect" under the similar provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure, thus it appears that *Pioneer* is equally relevant in an analysis of Rule 8002(c)(2). *See Advanced Es-*

*timating System, Inc. v. Riney,* 77 F.3d 1322, 1324 (11th Cir.1996).

 Counsel for the Trustee admitted that he believed the thirty-day rule applied and, therefore, he did not file the Trustee's Notice of Appeal based on his misunderstanding of Fed. R. Bankr.P. 8002(a). Misunderstanding of the rules governing appeals in Bankruptcy does not constitute "excusable neglect." *In re Dayton Circuit Courts # 2,* 85 B.R. 51, (S.D.Ohio 1988); *Maryland Casualty Co. v. Conner,* 382 F.2d 13 (10th Cir.1967). See also *Pioneer* at 507 U.S. 380, 113 S.Ct. at 1496–97. In addition, filing the notice was within the reasonable control of the Trustee's counsel. See *Pioneer* at 507 U.S. 380, 113 S.Ct. at 1499 (noting that an attorney is the client's agent and, thus, the client bears the consequences of the attorney's acts or omissions). Accordingly, Trustee's counsel's misunderstanding of the law cannot constitute "excusable neglect." Thus, this Court is satisfied that without excusable neglect, the Trustee's Notice of Appeal was untimely filed.

Based on the foregoing, this Court is satisfied that counsel's failure to timely file a notice of appeal on behalf of the Trustee does not come within the meaning of "excusable neglect" for purposes of Bankruptcy Rule 8002(c) and, therefore, the Order Denying Trustee's Motion for Reconsideration and/or Review of this Court's Order entered on July 30, 2004, Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal is affirmed.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the Order Denying Trustee's Motion for Reconsideration and/or Review of this Court's Order entered on July 30, 2004, Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal (Doc. No. 48) be, and the same is hereby, affirmed.

DONE AND ORDERED.