[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15265
Non-Argument Calendar
_____

D. C. Docket Nos. 05-01668-CV-ORL-28-DAB & 03-07896-BK-KSJ

In Re:  JACK KENNETH VICK, JR.,

Debtor.

_____

LINDA VICK,

Plaintiff-Appellant,

versus

JACK KENNETH VICK, JR.,
Debtor,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 19, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Linda Vick, proceeding pro se, appeals the district court's dismissal for lack of standing of her appeal of the bankruptcy court's orders in the underlying bankruptcy action filed by her former husband, Jack Vick. For the reasons that follow, we affirm.

## I. Background

After Linda and Jack Vick divorced in 1994, a Florida court awarded Linda $60,000 in 1998 as part of the divorce settlement. When Jack refused to pay, the state court held him in contempt and ordered him jailed until he paid at least $7,600 of the award. After paying $7,600, Jack was released. Thereafter, however, he made no additional payments, and on March 14, 2003, the state court held that Jack owed Linda a total of $107,812, including penalties and interest. In July 2003, Jack filed for Chapter 7 bankruptcy, listing Linda as an unsecured creditor. In response, Linda filed two adversary proceedings to prevent Jack from discharging her settlement award in the bankruptcy.

In May 2004, Jack attempted to convert his bankruptcy petition from Chapter 7 to Chapter 13, which would have enabled him to discharge the settlement award. Linda objected to the conversion and filed motions for sanctions

2

and for the court to take judicial notice of the adversary proceedings that she had previously filed. She also filed proof of claim, listing the amount owed as $167,397.64 based on the amount of interest and the enhanced value of the stock upon which the settlement award was initially based.

After reviewing Jack's Chapter 13 plan, the bankruptcy court denied the conversion, denied all outstanding motions in the bankruptcy proceedings, and dismissed the entire case, finding that Jack had acted in bad faith in an attempt to delay the proceedings and to avoid payment to Linda. The court also rejected Linda's claim that the settlement amount was $167,397.64, and it adjusted the amount to $111,238.64. Jack filed a motion for reconsideration, which the court denied. Linda filed several motions for reconsideration, which the district court denied in part and granted in part. Regarding the settlement amount, the court partially granted Linda's motion, vacating its prior opinion to provide that the amount of Linda's claim is $158,397.64, subject to the right of the state court to make further adjustments. The court, however, denied Linda's remaining motions, explaining that the dismissal of the bankruptcy proceeding did not discharge the settlement award and that Linda could therefore pursue her claim against Jack in state court.

Linda appealed to the district court, which denied the appeal on the grounds

that Linda lacked standing because she was not a "person aggrieved" by the bankruptcy court's orders. The district court explained that Linda's property rights had not been diminished by the bankruptcy court's orders because the settlement amount had not been discharged in bankruptcy and remained a matter to be resolved in state court. Linda filed a motion to reconsider, which the court summarily denied. Linda filed this appeal.

## II. Discussion

Linda argues that the district court erred by <u>sua sponte</u> dismissing her appeal of the bankruptcy court's orders without notice or a hearing, as she is a "person aggrieved" for purposes of standing. We review questions of law, including those involving the interpretation and application of the Bankruptcy Code, <u>de novo</u>. <u>In re Morgan</u>, 182 F.3d 775, 777 (11th Cir. 1999).

A person has standing to appeal an order of a bankruptcy court if she is a "person aggrieved" by the order. <u>In re Westwood Community Two Ass'n, Inc.</u>, 293 F.3d 1332, 1335 (11th Cir. 2002). "Aggrieved" parties in the bankruptcy context are "those parties having a direct and substantial interest in the question being appealed." <u>In re Odom</u>, 702 F.2d 962, 963 (11th Cir. 1983) (citation and internal quotation marks omitted). The person-aggrieved doctrine is more restrictive than traditional Article III standing, as it allows a person to appeal a

4

bankruptcy order only when they are "directly and adversely affected pecuniarily by the order." In re Westwood, 293 F.3d at 1335. Thus, standing is limited to persons with a financial stake in the order being appealed such that the order diminishes her property, increases her burden, or impairs her rights. Id.

Here, the bankruptcy court's orders did not discharge the amount Jack owed to Linda as part of the divorce settlement. Indeed, as both the bankruptcy and district courts noted, Jack's payment of the settlement award remains a matter to be resolved in the state court. Thus, we cannot say that the bankruptcy court's orders diminished Linda's property, increased her burdens, or impaired her rights. Accordingly, we conclude that Linda is not a person aggrieved by the bankruptcy court's orders, and she therefore lacks standing to appeal those orders.

### III. Conclusion

For the foregoing reasons, we **AFFIRM.**