[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13045
_____

D.C. Docket Nos. 1:11-cv-22050-KMW; 11-17047-AJC

FISHER ISLAND LIMITED,

Plaintiff-Appellant,

versus

FISHER ISLAND INVESTMENTS, INC.,
MUTUAL BENEFITS OFFSHORE FUND, LTD.,
LITTLE REST TWELVE, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(May 1, 2013)

Before MARCUS, HILL, and SILER,[*] Circuit Judges.


SILER, Circuit Judge:

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

This appeal arises from a district court order dismissing an appeal from the bankruptcy court for lack of standing.  We affirm.

I.

In 2011, six creditors filed involuntary bankruptcy petitions in the United States Bankruptcy Court of the Southern District of Florida.  The petitions, which contested the assignment of a promissory note, named Appellee Fisher Island Investments, Inc. as one of several alleged debtors.  Appellant Fisher Island Limited, a non-party to the underlying bankruptcy litigation, is a partial owner of Fisher Island Investments, Inc., and among the eleven signatories of the promissory note.  The terms of the note hold its makers liable "for any costs and expenses incurred . . . in collection upon this Note" and for indemnification "against any claims of any third party in connection with this Note or its validity, enforceability or collection."

Subsequent to the filings, attorneys for the alleged debtors moved the bankruptcy court to require a bond as potential indemnification for attorney's fees pursuant to 11 U.S.C. § 303(e).  The bankruptcy court heard arguments on the motion and required the petitioning creditors to post a $100,000 bond.  Fisher Island Limited did not file a brief or appear at the bond hearing. Following the court's decision, the petitioning creditors appealed.  On March 22, 2012, the district court affirmed the bond requirement.

On May 2, 2012, Fisher Island Limited filed a motion in the district court requesting an extension of time to file a notice of appeal of the order affirming the bond. On the following day, Fisher Island Limited filed an appeal. On May 4, 2012, the district court denied Fisher Island Limited's motion for an extension and also dismissed its notice of appeal, finding that Fisher Island Limited lacked standing to appeal. Fisher Island Limited appealed the decision to this court.

## II.

Standing is a mixed question of law and fact, and we therefore review the district court's determination on standing de novo. *Baloco v. Drummond Co.*, 640 F.3d 1338, 1342–43 (11th Cir. 2011). We review the district court's orders regarding Fisher Island Limited's motions for additional time to appeal for an abuse of discretion. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). We review the district court's legal conclusions de novo. *In re Optical Technologies, Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005).

## III.

The district court properly exercised its jurisdiction by dismissing Fisher Island Limited's appeal based on standing pursuant to 28 U.S.C. § 158 and Federal Rule of Bankruptcy Procedure 8001(a). *In re Laurent*, 149 F. App'x 833, 835—36 (11th Cir. 2005). Standing is the threshold issue in every federal case. *Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.*, 528 F.3d 817, 819 (11th Cir. 2008).

3

Fisher Island Limited incorrectly argues that it satisfies the Article III test for standing, because bankruptcy courts are not Article III courts.  28 U.S.C. § 151(a); *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 53–54 (1982).  The person aggrieved doctrine governs standing in a bankruptcy court. *Westwood Comm. Two Ass'n v. Barbee (In re Westwood Cmty. Two Ass'n)*, 293 F.3d 1332, 1335 (11th Cir. 2002).

Because bankruptcy cases typically affect numerous parties, the person aggrieved test demands a higher causal nexus between act and injury.  *Id.*  A party must show that it was "directly and adversely affected pecuniarily" by the bankruptcy court's order.  *In re Westwood Comm. Two Ass'n., Inc.*, 293 F.3d at 1335 (quoting *Harker v. Troutman (In re Troutman Enters.)*, 286 F.3d 359, 364 (6th Cir. 2002)).  A party has a financial stake in the order when that order "diminishes [its] property, increases [its] burdens or impairs [its] rights."  *Id*.

Fisher Island Limited is not an aggrieved party.  We look no further than *In re Westwood* to support our conclusion that Fisher Island Limited suffered no change in its property, burdens or rights as a result of the bond order.  *In re Westwood*, 293 F.3d at 1332.  There, members of a homeowners association were charged a "special assessment" in order to pay for damages levied against the association.  *Id*.  The damage to the members was not contingent, but caused directly by a bankruptcy court's decision to allow damages claims.  *See* 293 F.3d at

4

1336 ("This order, in which the bankruptcy court denied reconsidering the allowed claims, directly and adversely affects pecuniarily the [members] because the Trustee assessed the . . . members to satisfy these claims."). Here, the bankruptcy court ordered the petitioning creditors, not Fisher Island Limited, to post a bond. The creditors appealed the bond order, claiming to have insufficient funds available to pay the bond. The creditors did not express in that appeal any intention to collect monies from Fisher Island Limited, nor has Fisher Island Limited presented any evidence of such an attempt. The promissory note at issue in the bankruptcy court requires indemnification of attorney's fees "in collection upon this Note" and not in the case of an attempt at collection. Because collection has yet to occur, the bond is a provisional, not a final, security for those fees. If collection does not occur, the fees will not be due. Furthermore, the note itself is the subject of litigation and may not ultimately be binding.

Fisher Island Limited presents no evidence that the creditors have looked, anticipate looking, or could look to it to satisfy the creditors' attorney's fees. *Cf.* *Cash v. United States*, 961 F.2d 562, 565—66 (5th Cir. 1992). Therefore, Fisher Island Limited does not satisfy the requisite test for standing under the person aggrieved doctrine and has no standing to appeal the district court's order.

IV.

5

Moreover, Fisher Island Limited filed an untimely notice of appeal, which is a mandatory prerequisite to the exercise of appellate jurisdiction.  *Riney*, 77 F.3d at 1323.  It has not established "excusable neglect or good cause" to justify the late filing under the requisite *Pioneer* analysis.[1]  Fed. R. App. P. 4(a)(5)(A)(ii); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  Fisher Island Limited filed its notice of appeal six days late.  Length of delay and extent of disruptiveness to the judicial proceedings is not the only consideration permitted by the court.  The evaluation also takes into account the party's explanation of the delay.  *Id.* at 395.  Fisher Island Limited claims that it did not receive notice of the district court's March 22 order until April 24, 2012.  It cites *Capitol Indemnity Corp. v. Heidkamp* (*In re Steve A. Clapper & Assoc. of Florida*), 346 B.R. 882, 886 (Bankr. M.D. Fla. 2006), as support for its argument that late notice to counsel of an order "*could* be interpreted as excusable neglect." While "late notice" is one possible excuse, the district court in *In re Clapper* did

---

[1] We consider the following factors to determine whether there is excusable neglect: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co.,* 507 U.S. at 395; *see Riney*, 77 F.3d at 1323 (applying the *Pioneer* test in the context of motions to extend time to appeal).  The factors are non-exclusive, and the test requires an equitable determination taking account of all the relevant circumstances surrounding the party's omission. *In re Banco Latino Intern*, 310 B.R. 780 (S.D. Fla. 2004), *summarily aff'd*, 404 F.3d 1295 (11th Cir. 2005).  The test permits the exercise of discretionary judgment and is not "mechanical," *Riney,* 77 F.3d at 1324, so long as that choice does not constitute a clear error of judgment. *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

not find it to be a valid excuse. *Id.* In addition, the party in *Clapper* seeking an extension of time to file a notice of appeal was a Chapter 11 appointed trustee. *Id.*

Fisher Island Limited had reason to monitor orders issued by the district court, because it had earlier appealed a separate order of the court. In addition, counsel is required to pay heed to impending deadlines and filings that must be made to protect the client's interests. An attorney's strategic miscalculations do not qualify as excusable neglect. *See, e.g., McCurrent ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 593–95 (6th Cir. 2002). Nor does counsel's inattention to filing deadlines ordinarily constitute excusable neglect. *See, e.g., In re Celotex Corp.*, 232 B.R. 493 (M.D. Fla. 1999), *aff'd without opinion*, 196 F.3d 1262 (11th Cir. 1999).

The district court justly dismissed the case for lack of standing prior to reaching the *Pioneer* analysis. *See Vick v. Vick (In re Vick)*, 233 F. App'x 897, 899 (11th Cir. 2007). Even if the district court had applied the four-factor *Pioneer* analysis to the facts at bar, Fisher Island Limited would not have prevailed. The district court properly denied Fisher Island Limited's motion and dismissed its appeal for lack of standing. *See Pioneer*, 507 U.S. at 397; *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

AFFIRMED.