[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12330

_____

D.C. Docket No. 02-00947-CV-T-23TBM

MAVERICK MEDIA GROUP, INC.,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY, FLORIDA,

Defendant -Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 22, 2008)**

Before BIRCH, DUBINA and HILL, Circuit Judges.

PER CURIAM:

Maverick Media Group, Inc., ("Maverick"), sued Hillsborough County, Florida, (the "County"), claiming that the County unconstitutionally denied it permits for outdoor signs. The district court entered summary judgment for the County and Maverick appealed. A review of the record reveals that Maverick does not have standing to bring this claim. Therefore, we shall vacate the district court's judgment and remand for dismissal of the case.

I.

A.  <u>In order to have Article III standing to challenge the County's sign ordinance, Maverick must have a constitutional injury that is redressable by the court.</u>

In order to have Article III standing in federal court, a plaintiff must suffer an injury in fact that is both causally connected to the conduct complained of and redressable by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). These constitutional standing requirements are jurisdictional in that they "involve[] the court's competency to consider a given type of case,'" and, therefore, "'cannot be waived or otherwise conferred upon the court by the parties." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Selden,* 422 U.S. 490, 499

(1975). "'In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims,'" and "'the court is powerless to continue.'" *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11ᵗʰ Cir. 2006) (internal citations omitted).

The County in its Answer to the Complaint denied that Maverick had standing to bring its claims. The Magistrate Judge concluded that Maverick had standing.[1] Although the County did not cross-appeal this part of the district court's judgment, we must satisfy ourselves that Maverick has standing before proceeding to consider the merits of this appeal. *Id.* Unless Maverick has Article III standing to bring its claims, the district court had no constitutional authority to enter a judgment in the case. *Id.*

B.    Maverick's injury is not redressable by the court.

We have recently held that a plaintiff whose sign permit applications were denied on the basis of one provision in a county's sign ordinance, but which could have been denied on the basis of some alternate, but unchallenged regulation, does not have a redressable injury. *KH Outdoor, L.L.C. v. Clay County*, 482 F.3d 1299, 1301 (11ᵗʰ Cir. 2007). In that case, KH Outdoor sought to erect offsite billboards,

---

[1] The district court referred the case to the Magistrate Judge for a Report and Recommendation on the cross-motions for summary judgment.

prohibited by a provision of the county's sign ordinance. We held that its injury was not redressable because even if the court were to strike the challenged provision, there were other unchallenged regulations that would still have prohibited its signs. *Id.*[2] In the absence of a redressable injury, KH Outdoor did not have standing to contest the ordinance. *Id.*[3]

This approach has been endorsed by several of our sister circuits. In *Midwest Media Prop., LLC v. Symmes Tp.*, 503 F.3d 456, 461 (6th Cir. 2007), the plaintiff sign company sought permits to erect offsite billboards, which the township's ordinance prohibited.[4] The Sixth Circuit held that the plaintiff's injury was not redressable because "[e]ven if plaintiffs could show that the township's original [offsite] advertising ban . . . violated the First Amendment, each of [plaintiff's] nine sign applications sought to post signs that plainly violated the township's size and height regulations," which plaintiffs chose not to challenge in

---

[2]In *KH Outdoor*, the "other" regulations were found in state law that imposed certain application requirements that had not been met by the plaintiff. 541 F.3d at 1303-04.

[3]The Magistrate in this case concluded that Maverick had standing because "[Maverick's] injury likely would be redressed by a favorable decision (*e.g.*, actual or nominal damages)." The district court summarily adopted the Report and Recommendation. This was error. In *KH Outdoor*, the plaintiffs requested damages. In concluding that the plaintiff did not have standing, we necessarily concluded that damages – just as sign permits – are unavailable to the plaintiff whose sign applications may be denied under an alternative, unchallenged provision of an ordinance. *See also Get Outdoors II*, 506 F.3d 894 (nominal damages unavailable to plaintiff whose applications deniable under alternate provision of ordinance)

[4]Offsite signs are those that are not located at the site of the business advertised.

their complaint. *Id.* The court said that "even if . . . our court invalidated [the offsite sign ban], that would not redress plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs." *Id.* at 461-62. Therefore, the court concluded, plaintiffs had no standing.

Similarly, in *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006), the Eighth Circuit concluded that the plaintiff sign company lacked standing to challenge a city ordinance banning billboards because "a favorable decision for Advantage, even with respect to those sign code provisions which were factors in the denial of its permit applications would not allow it to build its proposed signs, for these would still violate other unchallenged provisions of the sign code like the restrictions on size, height, location, and setback." Plaintiff's injury was not redressable, the court concluded, "for even in victory it would be 'no closer' to erecting its billboards or obtaining damages than when litigation began." *Id.* at 802 (internal citation omitted). Without a redressable injury, the court held that the sign company lacked standing to proceed. *Id.*

The Fourth Circuit reached the same result in *Covenant Media of South Carolina, LLC v. City of North Charleston*, 493 F.3d 421 (4th Cir. 2007). In that

5

case the plaintiff sign company's applications violated multiple sections of the city's sign ordinance, not all of which it challenged. The court said that "[b]ecause Covenant's application violated the spacing requirement, it could not have been approved regardless of whether other substantive provisions of the Sign Regulation are held to be unconstitutional." *Id.* at 430. Therefore, the plaintiff's alleged injury was unredressable and it had no standing to proceed.

The Seventh Circuit has also endorsed this redressability analysis as applied to sign company plaintiffs whose applications could have been denied under alternate, unchallenged provisions of a sign ordinance, holding that plaintiffs have no standing where "[plaintiff] suffers an injury [it cannot erect the proposed billboard], but winning the case will not alter that situation"). *Harp Adver. Ill., Inc., v. Village of Chicago Ridge, Ill.,* 9 F.3d 1290, 1292 (7th Cir. 1993). *See also Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 893 (9th Cir. 2007) (endorsing our approach in *KH Outdoor*, so long as standing is defeated as a result of an unchallenged secondary restriction, such as one based on height or size).

Thus, the *KH Outdoor* redressability analysis is applicable to the case where a county could deny a plaintiff's sign permit applications under an alternative provision of its ordinance that the plaintiff's complaint does not challenge. This is such a case. Just as in *KH Outdoor,* Hillsborough County's ordinance contains

6

height and size limitations for permitted signs. These limitations would have prohibited the erection of Maverick's billboards *independently* of the ordinance's categorical billboard prohibitions, and the Magistrate specifically so found. [R & R at n. 23.] In his Report and Recommendation, the Magistrate found that the evidence submitted by Maverick revealed that it sought permits only for signs measuring 14' x 48', "the size of which clearly exceeds the size limitations contained in the excepted off-site directional signs provisions." [R & R at n.23, citing §§ 7.04.02(B)(6), (C)(6), (D)(2), (E)(2), and (F)(2)].[5] Therefore, the County could have denied Maverick's applications under an alternative, unchallenged provision of its sign ordinance.

Maverick did not specifically challenge the height and size restrictions in the County's ordinance because it did not apply for the type of sign permitted by the County's ordinance. Therefore, its applications were not denied under these provisions. Since its applications were for offsite billboards, they were denied under ordinance provisions prohibiting billboards and offsite signs.[6]

---

[5]The ordinance defined billboards as any advertising sign measuring 72 square feet in aggregate sign area or more. [R & R, n. 22]. Both the Amended Complaint and Maverick's property leases for its signs confirm that all of Maverick's applications were for signs measuring 14 by 48 feet in size, and the Magistrate specifically so found in his R & R.

[6]The Magistrate Judge found that the County denied Maverick's applications on the ground that they were for prohibited off-site signs or billboard signs.

Nor may Maverick invoke the overbreadth doctrine in an attempt to get at these limitations. *See CAMP*, 451 F.3d at 1270. In *CAMP*, we rejected the contention that a plaintiff who has suffered injury under one provision of an ordinance has standing to challenge the entire ordinance. *Id.* at 1270. We clarified that the overbreadth doctrine is an exception only to the prudential standing requirement that a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Id.* at 1270-71 (citing *Warth v. Selden*, 422 U.S. 490, 499 (1975)). The doctrine merely permits the plaintiff to whom a provision of a statute is constitutionally applied to assert that the same provision might be unconstitutionally applied to third parties not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). Thus, a plaintiff who has established constitutional injury as to himself under *a provision* of a statue may also attack *that provision* under the overbreadth doctrine to vindicate the rights of others not before the court. *Camp*, 451 F.3d at 1273-74 (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 233 (1990)).

The overbreadth doctrine does not, however, grant a plaintiff carte blanche to challenge an entire ordinance merely because some part of the ordinance – to which the plaintiff is not subject – might be unconstitutional. *Id.* at 1271. It does not, because it may not, waive the Article III requirement that the plaintiff have

8

suffered a real *injury in fact* as to a challenged provision of an ordinance. *Id.*; *see also Granite State Outdoor Advertising, Inc., v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116-17 (11th Cir. 2003) (overbreadth doctrine does not vitiate the requirement for an injury in fact as to the challenged provision). Therefore, a plaintiff may not attack any provision of an ordinance under which he has not suffered a real injury in fact. *Id. See also Get Outdoors II*, 506 F.3d at 892 (plaintiff may not "leverage its injuries under certain, specific provisions to state an injury under the sign ordinance generally); *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 350 (6th Cir. 2007) ("Prime Media's standing with regard to the size and height requirements does not magically carry over to allow it to litigate other independent provisions of the ordinance without a separate showing of an actual injury under those provisions"); *Covenant Media*, 493 F.3d at 421 ("That Covenant has standing to challenge the timeliness of the City's decision on the December 2004 application does not provide it a passport to explore the constitutionality of every provision of the Sign Regulation").

Therefore, Maverick may challenge only those provisions of the ordinance under which it suffered an injury in fact. The Magistrate determined that Maverick did not suffer injury under the permitted sign provisions of the ordinance because Maverick did not apply for such signs. All of Maverick's sign

applications were for prohibited billboards – signs that greatly exceed the height and size limitations for permitted signs. The Magistrate specifically found, without objection by Maverick, that it was "not subject to the exceptions to the prohibitions on off-site signs found in [the old ordinance] because the evidence submitted by Maverick reveals that it sought permits for signs measuring 14' by 48', the size of which clearly exceeds the size limitations contained in the excepted off-site directional signs provisions."

If there were any evidence in this record that Maverick sought to display signs that otherwise complied with the permitted sign provision, it might have an injury in fact as to the height and size restrictions in this provision. Since there is no such evidence, Maverick suffered no injury in fact under the permitted sign provision of the prior ordinance and it has no standing to challenge it under the overbreadth doctrine or any other doctrine. *See Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 352 (6th Cir. 2007) (reaching same conclusion and observing that "[i]f it had attempted to produce a billboard which complied with the height and size requirements, and was threatened with rejection or regulation under the other challenged ordinance provisions, there would arguably be a cognizable injury in fact. . . . However, the record bears no evidence of such a

development").[7]

## II.

In sum, Maverick does not have standing to bring this action challenging the billboard and offsite sign prohibitions in the County's prior sign ordinance because its injury in fact under these provisions is unredressable by the court. It may not challenge the entire ordinance on its face because it has suffered no injury in fact as to any other provisions. Therefore, the judgment of the district court is due to be vacated, and the case will be remanded to the district court with instructions to dismiss the case.

VACATED and REMANDED.

---

[7]Nor does Maverick's claim that the offsite sign prohibition is not content-neutral change this analysis in any way. Maverick's offsite sign applications, denied under the ordinance's prohibition on offsite signs, similarly could have been denied under the size and height limitations, because all the applications were for signs that exceeded those limitations.