NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-1283

———

COASTAL OUTDOOR
ADVERTISING GROUP, L.L.C.,
                                        Appellant

v.

TOWNSHIP OF UNION, NEW JERSEY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-07-cv-04351)
District Judge: Hon. Freda L. Wolfson

———

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2010

Before:  McKEE, Chief Judge, SLOVITER and COWEN, Circuit Judges

(Filed: November 18, 2010 )

———

OPINION

SLOVITER, Circuit Judge.

Coastal Outdoor Advertising Group appeals from the District Court's grant of summary judgment in favor of the Township of Union. We will affirm.

**I.**

Because we write primarily for the parties, we need not reiterate the factual or procedural background except insofar as it facilitates our discussion. We review de novo a grant of summary judgment for lack of standing.[1] *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (standing); *Levy v. Sterling Holding Co., LLC*, 544 F.3d 493, 501 (3d Cir. 2008) (summary judgment).

**II.**

The "irreducible constitutional minimum" of Article III standing requires that the plaintiff demonstrate: (1) an injury-in-fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137-38 (3d Cir. 2009) (citation omitted). The District Court correctly determined that although Coastal had suffered an injury that was traceable to the Township's enforcement of its (now superseded) ordinance, Coastal could not demonstrate "a substantial likelihood that the

---

[1] The District Court exercised federal-question jurisdiction over Coastal's claims under 28 U.S.C. § 1331. We have appellate jurisdiction over the final decision of the District Court under 28 U.S.C. § 1291.

requested relief will remedy the alleged injury in fact." *Id.* at 143 (quotation and citation omitted).

This case is the latest in a burgeoning line of cases in which a billboard company seeks to challenge the constitutionality of a local sign ordinance, otherwise known as the "sign code shakedown." Appellee's Br. at 27 n.24. Several courts of appeals have affirmed dismissals of similar cases based on lack of redressability because unchallenged provisions of the ordinance in question would have prohibited erection of the billboards in any event.[2] We follow our sister circuits and conclude that the District Court correctly held that Coastal did not demonstrate redressability because unchallenged restrictions, including those on the height and size of the signs, would prohibit their erection even if we were to invalidate the provision banning billboards.[3] Although we have not addressed

[2] *See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cnty. Fl.*, 528 F.3d 817, 821 (11th Cir. 2008); *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007); *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 430 (4th Cir. 2007); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801-02 (8th Cir. 2006); *Harp Adver. Ill., Inc. v. Vill. of Chicago Ridge*, 9 F.3d 1290, 1291 (7th Cir. 1993). *Cf. Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 893 (9th Cir. 2007) (billboard company had standing because it explicitly challenged the secondary size and height restrictions); *Lamar Adver. of Penn, LLC v. Town of Orchard Park, N.Y.*, 356 F.3d 365, 375 (2d Cir. 2004) (billboard company had standing because success on the merits would allow it to erect at least some of the signs it intended to build).

[3] Coastal argued to the District Court that it challenged the size and height restrictions by virtue of the fact that it challenged the entire ordinance as unconstitutional. Coastal does not make this argument on appeal. *United States v. Pelullo*, 399 F.3d 197, 222

this precise issue in the context presented here, this court's precedent supports the result.[4]

*See Toll Bros.*, 555 F.3d at 143 (development company established standing where decision striking down zoning ordinances was likely to result in construction of the planned developments).

Coastal asserts that its injury—that it "was subjected to an ordinance that was unconstitutional"—is redressable through "at the very least, damages[.]" Appellant's Br. at 16. Coastal simply misses the point. By way of repetition, even if the ban on billboards were deemed unconstitutional (an issue we do not reach), an award of damages would not remedy the harm Coastal suffered from the prohibition of the billboards. Moreover, Coastal either knew or should have known before it submitted its applications that the Township did not permit billboards. It was on notice that the underlying leases were contingent upon it securing municipal permits under the Township's Land Use Code

---

(3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

[4] Coastal misplaces reliance on *Rappa v. New Castle Cnty.*, 18 F.3d 1043 (3d Cir. 1994). In *Rappa*, the plaintiff challenged an ordinance banning political signs but allowing other types of advertising as an impermissible content-based regulation. In that case, the plaintiff's injury would have been redressed because there were no other restrictions that would have banned erection of the signs.

Coastal's reliance on *Riel v. City of Bradford*, 485 F.3d 736 (3d Cir. 2007), and *Concatta Inc. v. Miller*, 458 F.3d 258 (3d Cir. 2006), is equally unconvincing because neither case addressed the redressability prong of Article III's standing requirement.

4

at issue here. These obstacles were identified by Coastal's assignor, mitigating any claims for damages, actual or nominal. *See, e.g., Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 894 (9th Cir. 2007) (even if billboard restriction unconstitutional, nominal damages were inappropriate in light of valid size and height restrictions); *cf. Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421 (4th Cir. 2007) (nominal damages could redress distinct injury as to delay in the processing of application for zoning permit, but not for ultimate rejection of application).

## III.

For the foregoing reasons, we will affirm the order of the District Court dismissing Coastal's complaint because Coastal cannot satisfy Article III's standing requirement.[5]

---

[5] Because Coastal does not have standing under Article III, we need not address the Township's claim that Coastal also lacks prudential standing.