[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2011
JOHN LEY
CLERK

_____

No. 11-10704
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00965-RWS

JACK GALARDI,
RED EYED INC.,
d.b.a. Crazy Horse Saloon,
WALLEYE, LLC,
MIA LUNA, INC.,
d.b.a. Pink Pony South,
JG & P, LLC,

                                        Plaintiffs - Appellants,

                    versus

CITY OF FOREST PARK,
CORINE DEYTON,
JOHN PARKER,
CHIEF DWAYNE HOBBS,
DEBORAH YOUMANS, et al.,

                                        Defendants - Appellees,

KAREN WILLIAMS, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 18, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants owned and operated two former adult entertainment establishments in the City of Forest Park ("the City"). Both businesses operated as adult cabarets or nude dance clubs that served alcohol. Appellants appeal the district court's order denying them a temporary restraining order and preliminary injunction that would have prevented the City from enforcing its adult entertainment ordinance against either club. For the following reasons, we find that Appellants lack standing to bring this appeal, and accordingly, we dismiss.

Appellants sued the City in April 2009, challenging the City's 2009 adult entertainment ordinance as unconstitutional. In March 2010, the City extensively changed its adult entertainment ordinance and Appellants filed an amended complaint in October 2010 challenging the revised ordinance ("the Ordinance"). In November 2010, Appellants filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin the City from applying the

Ordinance to their clubs. In the meantime, on December 22, 2010, the City refused to renew the Appellants' adult entertainment licenses for 2011 because the two clubs were not in conformance with a section of the Ordinance that prohibits adult entertainment establishments from having private booths and rooms. On January 13, 2011, the district court denied Appellants' motion, reasoning that Appellants were unlikely to prevail on the merits.

The City has filed a motion to dismiss Appellants' appeal,[1] asserting that Appellants' buildings still do not conform to the requirements of the Ordinance, and that Appellants have never challenged the Ordinance's prohibition on private booths and rooms. Thus, the City argues that because Appellants no longer have the right to engage in adult entertainment—for reasons independent of those challenged on appeal—they have no standing to proceed. We agree.

Standing is a threshold jurisdictional question that we must address before analyzing the merits of an appellant's constitutional claims. *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006). To establish standing, Appellants bear the burden of showing: "'(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the

---

[1] On May 24, 2011, Appellees filed a similar motion to dismiss before the district court.

injury will be redressed by a favorable decision.'" *Id.* (quoting *Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003)).

Assuming that Appellants have shown that the City's enactment of the Ordinance caused them an injury in fact, they cannot establish redressability. To do so, Appellants must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted). Here, even if we were to reverse the district court's order, the Appellants would still be unable to engage in adult entertainment. The Appellants were denied adult entertainment licenses based upon a provision in the Ordinance that they have not challenged—the prohibition on private booths and rooms. A favorable decision cannot redress Appellants' alleged injury because the Ordinance required the City to reject Appellants' license applications and Appellants have not challenged the provision of the Ordinance that mandated that rejection. *See, e.g.*, *Maverick Media Grp., Inc. v. Hillsborough Cnty.*, 528 F.3d 817, 821 (11th Cir. 2008) (per curiam) (explaining because "the County could have denied [plaintiff's sign permit] applications under an alternative, unchallenged provision of its sign ordinance," plaintiff's alleged injury was not redressable by a favorable decision); *KH Outdoor, L.L.C. v. Clay Cnty.*, 482 F.3d 1299, 1303–04 (11th Cir. 2007)

(holding that a plaintiff did not have a redressable injury where its sign permit applications were denied on the basis of one provision in a county's sign ordinance but could have been denied on the basis of some alternate, but unchallenged, regulation).

Moreover, on December 20, 2010, the parties reached an agreement whereby the City would stay the enforcement of certain provisions of the Ordinance, not including the ban on private booths and rooms. In exchange, Appellants stipulated that they would not seek damages incurred during any period preceding the execution of the stipulation as a result of the City's adoption or enforcement of the Ordinance.[2] This further strengthens our conclusion that Appellants' alleged injury would not be redressed by a favorable decision by the district court—neither injunctive nor monetary relief would redress Appellants' alleged injury. And Appellants can not invoke the overbreadth doctrine in an attempt to get around this limitation. *CAMP*, 451 F.3d at 1270–71 (explaining that the overbreadth doctrine is an exception only to the prudential standing requirement that a plaintiff must assert his own legal rights and interests, rather than pursuing claims based on the legal rights or interests of others).

---

[2] Appellants also stipulated that they would not seek damages for any acts occurring between the execution of the stipulation agreement and any time up through and including January 12, 2011.

Accordingly, we grant the City's motion to dismiss, and we vacate and remand with instructions to dismiss because Appellants lack standing to challenge the Ordinance.

**VACATED and REMANDED WITH INSTRUCTIONS TO DISMISS.**