**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3732
_____

MERCER OUTDOOR ADVERTISING, LLC,
                                        Appellant

v.

CITY OF HERMITAGE, PENNSYLVANIA;
CITY OF HERMITAGE ZONING HEARING BOARD
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-14-cv-00561)
District Judge:  Honorable Terrence F. McVerry
_____

Argued:  March 17, 2015
_____

Before: RENDELL, FUENTES and BARRY, Circuit Judges

(Filed: April 2, 2015)
_____

E. Adam Webb, Esq.        [ARGUED]
Webb, Klase & Lemond
1900 The Exchange, Southeast
Suite 480
Atlanta, GA 30339
        *Counsel for Appellant*

David J. Rosenberg, Esq.    [ARGUED]
Matthew R. Zwick, Esq.
Weber, Gallagher, Simpson, Stapleton, Fires & Newby
603 Stanwix Street

Two Gateway Center, Suite 1450
Pittsburgh, PA 15222
    *Counsel for Appellees*

———————

OPINION[*]

———————

BARRY, <u>Circuit Judge</u>

We have reviewed the briefs and the brief record in this case, and have heard oral argument. The parties, for whom we primarily write, are, of course, fully familiar with each other's contentions and the uncontested, albeit very limited, facts before us. They also know our concerns, as those concerns were fully aired at oral argument. We, therefore, will move directly to, and need only briefly explain, our decision, which concludes that we will affirm the order of the District Court granting the City of Hermitage's motion to dismiss the federal claims under Fed. R. Civ. P. 12(b)(6) and declining to exercise supplemental jurisdiction over the remaining claims. We will, however, remand so that the Court can amend its "with prejudice" dismissal of the remaining claims to a dismissal "without prejudice."

Given oral argument, it will come as no surprise to the parties that, in our view, what should have been a straightforward and, indeed, simple case became extraordinarily complicated, with the willing participation of all involved. The case began, quite simply, with the decision, first by the City Planning Technician and then by the City's Zoning Hearing Board, to deny Mercer Outdoor Advertising LLC's seven applications for

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

permits to erect and operate billboards in the City's Central Commercial or Highway Commercial zoning districts because, under § 306.10 of the Zoning Ordinance, they are not a "Permitted Use" in those locations. In response, Mercer filed in the District Court a complaint that summarily concluded that the entirety of § 306, as well as a panoply of other sections of the Ordinance, violate the First and Fourteenth Amendments to the U.S. Constitution and Pennsylvania law. Not only did the complaint not say why that is so, but it was bereft of any factual support for any of those supposed violations or even for § 306.10, on which the denial was virtually exclusively based. And, we note, the barebones complaint did not even mention, much less challenge (and Mercer does not challenge before us), the size and height restrictions of § 308.27, the blatant violation of which would have prohibited the billboards even had § 306.10 somehow been invalidated. That was, in essence, "it."

The City of Hermitage, although in passing paying homage in its brief in the District Court to what have become known as the "*Iqbal/Twombly* pleading requirements,"[1] moved to dismiss the complaint on the grounds that Mercer lacked Article III standing and, failing that, that Mercer's various challenges to the numerous sections of the Ordinance lacked merit. With reference to standing, the City argued that the denial of the applications was based only on § 306.10, that Mercer did not challenge the height and size restrictions that otherwise would have blocked the applications, and so that a finding in Mercer's favor on § 306.10 would not redress the claimed injury –

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

3

Mercer still would not be able to post its billboards. Mercer, in response, essentially ducked § 306.10, and argued that it had standing to challenge any and all sections of the Ordinance that could have been used to block its applications. Moving on, Mercer argued why on the merits it should win.

The District Court should have addressed the issue of standing, but did not. Rather, it granted the motion to dismiss on merits-related grounds, although certain of Mercer's numerous claims were also rejected as inadequately pled under *Iqbal/Twombly*. We need not discuss the various conclusions reached by the Court in its careful opinion, though we see no reason to reject them. Rather, as we are permitted to do, we will affirm on a ground not reached by the Court – Article III standing. Indeed, as Mercer conceded at oral argument, we are required to address standing even though the Court did not pass on it and even if the issue had not been raised to us which, of course, it has been. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990).

It is Mercer's burden, as the party invoking federal jurisdiction, to establish its standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). "[T]o establish [Article III] standing, a plaintiff must show (1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *NCAA v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). It must be likely, not merely speculative, that a favorable decision will

4

redress the injury. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). In other words, the issue is whether "[a] favorable decision . . . is substantially likely to result," as in *Toll Brothers*, in the proposed development or, here, in the permits. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 143 (3d Cir. 2009).

Simply to state what must be shown to establish Article III standing is to answer the question of whether Mercer has done so. It has not. Even if § 306.10 were to be held unconstitutional, an issue we do not reach, the permits would not be issued because the billboards at issue do not meet the unchallenged requirements of § 308.27 – the "injury" to Mercer, in other words (and as our sister Circuits would agree), would not be redressable by a favorable decision of the Court nor, we think, would that "injury" be traceable to the actions of the City.[2] And, as to the list of sections of the Ordinance that Mercer hypothesizes could have applied to its applications, Mercer has simply not shown an "injury in fact" as to any of them.

In conclusion, we will affirm the order of the District Court dismissing the federal claims (Counts 1 and 2) and remand for the amendment of the order to reflect the dismissal of the remaining claims (Counts 3 and 4) "without prejudice." *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999).

---

[2] *See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cnty.*, 528 F.3d 817, 821 (11th Cir. 2008) (per curiam); *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 893 (9th Cir. 2007); *Midwest Media Prop., LLC v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007); *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 430 (4th Cir. 2007); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801-02 (8th Cir. 2006); *Harp Adver. Ill., Inc. v. Vill. of Chicago Ridge, Ill.*, 9 F.3d 1290, 1291 (7th Cir. 1993).